IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01567-BNB
(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

DAWANE ARTHUR MALLETT, Natural Person Capacity,

    Plaintiff,

v.

BLAKE RANDY DAVIS, Body Politic,

    Defendant.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff, Dawane Arthur Mallett, is a prisoner in the custody of the United States Bureau of Prisons and is currently incarcerated in the United States Penitentiary in Florence, Colorado. Mr. Mallett has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The Court has reviewed the Application for a Writ of Habeas Corpus and finds that Mr. Mallett is asserting civil rights claims rather than habeas corpus claims. Mr. Mallett complains that he is not receiving adequate mental health treatment. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). It is well established

in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), or pursuant to 28 U.S.C. §§ 1331 or 1361, *see Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1235-36 (10th Cir. 2005). Even liberally construing Mr. Mallett's claims, he has failed to allege a valid factual basis for a § 2241 action. Therefore, Mr. Mallett will be directed to file a Prisoner Complaint on the court-approved form.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers which the Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**
(1) __ is not submitted
(2) __ is missing affidavit
(3) X is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) __ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing an original signature by the prisoner
(7) X is not on proper form (must use the court's current form)
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ An original and a copy have not been received by the court. Only an original has been received.
(10) X other: Motion is necessary only if $350.00 filing fee is not paid in advance.

**Complaint, Petition or Application:**
(11) \_\_   is not submitted
(12) X    is not on proper form (must use the court's current form)
(13) \_\_   is missing an original signature by the prisoner
(14) \_\_   is missing page nos. \_\_
(15) \_\_   uses et al. instead of listing all parties in caption
(16) \_\_   An original and a copy have not been received by the court. Only an original has been received.
(17) \_\_   Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) \_\_   names in caption do not match names in text
(19) \_\_   other _____

Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or 28 U.S.C. § 1331, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order.** Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail to the Plaintiff, together with a copy of this order, two copies of the following forms: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. It is

FURTHER ORDERED that, if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED June 22, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01567-BNB

Dawane Arthur Mallett
Reg. No. 13944-097
USP Florence ADMax
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to proceed Pursuant to 28 U.S.C. §1915 and of the Prisoner Complaint forms** to the above-named individuals on June 22, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk